UNITED STATES of America, Plaintiff,

v.

YARON LABORATORIES, INC., a Corporation, trading and doing business under the name of American Chemical & Drug Company, et al., Defendants.

Civ. No. C–71–2271–LHB.

United States District Court, N. D. California.

Feb. 16, 1972.

Order April 10, 1972.

**918**

James L. Browning, Jr., U. S. Atty., Brian B. Denton, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Michael J. Keady, Bertrand F. Lurie, San Francisco, Cal., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

## ORDER GRANTING PRELIMINARY INJUNCTION

LLOYD H. BURKE, District Judge.

The Motion for Preliminary Injunction having come on for hearing on February 14, 1972, and the Court having considered the Complaint herein, the Affidavit in support thereof, and the joint stipulation of facts, the Court, having heard oral argument of Counsel, hereby makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. That YARON LABORATORIES, INC., is a Corporation organized and existing under the laws of the State of California and trading and doing business under the name of American Chemical & Drug Company, at 33 Berry Street, San Francisco, California, within Foreign Trade Zone No. 3, since approximately 1956.

2. That GEORGE D. YARON is the President of the defendant corporation who is responsible for the overall operations of the firm.

3. That the Defendant, prior to the time of the filing of the Complaint for Injunction was engaged in its plant at 33 Berry Street, San Francisco, California, in manufacturing, processing, packing, labeling and readying an article of drug which is in the form of tablets and designated by the name "PAX", Lot Number 064, intended only for export purposes and actually exported only directly from the plant to the foreign countries.

4. That the basic raw material for "PAX" (Chlordiazepoxide Hydrochloride) is purchased by the Defendant from a source in Italy and shipped from Italy to the Defendant's plant in the Foreign Trade Zone. All steps pertaining to or connected with the arrival of this raw material, the processing thereof into the finished product of "PAX", readying the shipment for export and actually exporting the product to its final destination takes place solely and wholly within the Foreign Trade Zone.

5. That the Defendant has been, since the filing of the Complaint for Injunction, engaged in its plant in the Foreign Trade Zone, San Francisco, California, in manufacturing, processing, packing, labeling and readying an article of drug which is in the form of tablets and designated by the name "PAX", Lot Number 064, intended only for export purposes from the plant to the foreign countries.

6. That the Defendant, prior to the filing of the Complaint for Injunction did export an article of drug in the form of tablets and designated by the name "PAX", Lot Number 064, from Foreign Trade Zone No. 3, San Francisco, California, to Saigon, Vietnam. In this regard "PAX" (1) accords to the specifi-

cations of the foreign purchaser, (2) is not in conflict with the laws of the country to which it's intended for export, and (3) is labeled on the outside of the shipping package to show that it is intended for export.

7. That there is not now, nor has there ever been an approved New Drug Application filed pursuant to 21 U.S.C. § 355(b) in effect with respect to the drug "PAX", manufactured by American Chemical and Drug Company.

8. That American Chemical & Drug Company is now and was in 1971 registered as a drug establishment with the Food and Drug Administration as required under 21 U.S.C. § 360.

### CONCLUSIONS OF LAW

1. Any of the foregoing Findings of Fact which properly might be deemed Conclusions of Law are hereby made Conclusions of Law.

2. This Court has jurisdiction over this action under 21 U.S.C. § 332(a).

3. That said article of drug designated by the name "PAX" (Chlordiazepoxide Hydrochloride) is a new drug within the meaning of 21 U.S.C. § 321(p).

4. That the article of drug "PAX" (Chlordiazepoxide Hydrochloride) was introduced or delivered for introduction into interstate commerce from Foreign Trade Zone No. 3, San Francisco, California, for shipment to Saigon, Vietnam.

5. That the drug "Pax" (Chlordiazepoxide Hydrochloride) being a new drug is not entitled to the export exemption provided in 21 U.S.C. § 381(d).

6. That the Plaintiff, United States of America, is entitled to a Preliminary Injunction restraining the Defendant, YARON LABORATORIES, INC., a Corporation, and each and all of its officers, agents, servants, employees, and representatives and any other persons in active concert and participation with them

from introducing and delivering for introduction into interstate commerce from Foreign Trade Zone No. 3 or from other places in the State of California to persons outside the State of California, the article of drug designated as "PAX" (Chlordiazepoxide Hydrochloride) and any other article of drug which is a new drug within the meaning of 21 U.S.C. § 321(p) unless and until an approval of an application filed pursuant to 21 U.S. C. § 355(b) is effective with respect to such drugs.

### ORDER GRANTING PRELIMINARY INJUNCTION

Wherefore, it is ordered that the Defendant, YARON LABORATORIES, INC., a Corporation, its officers, agents, servants, employees, and representatives and any and all other persons in active concert and participation with them are hereby restrained and enjoined from directly or indirectly doing or causing to be done any of the following acts:

A. Introducing or delivering for introduction into interstate commerce from Foreign Trade Zone No. 3 or from other places in the State of California to places outside the State of California, the article of drug designated as "PAX" and any other article of drug which is a new drug within the meaning of 21 U. S.C. § 321(p), unless and until an approval of an application filed pursuant to 21 U.S.C. § 355(b) is effective with respect to such drugs.

That the Defendant, YARON LABORATORIES, INC., a Corporation, shall give written notice of the provisions of this decree to each and all of their officers, agents, servants, employees, representatives and any and all persons now or in the future in active concert or participation with them or either of them who assist or participate in the manufacture and distribution of the article of drug.

That jurisdiction of this Court is retained for the purpose of enforcing or

modifying this decree and for the purpose of granting such additional relief as may hereafter appear necessary or appropriate.

It is further ordered that the Defendant shall show cause before this Court on the 2nd day of March, 1972, at 11 a. m., why the Preliminary Injunction above granted shall not be made permanent.

## ORDER GRANTING PERMANENT INJUNCTION

Based upon the Findings of Fact and Conclusions of Law entered by this Court on February 16, 1972, and the Stipulation of Counsel for both parties this matter was submitted to the Court on April 3, 1972, which thereupon granted Plaintiff's motion for a Permanent Injunction.

Wherefore, it is ordered that the Defendant, YARON LABORATORIES, INC., a Corporation, its officers, agents, servants, employees, and representatives and any and all other persons in active concert and participation with them are herby permanently restrained and enjoined from directly or indirectly doing or causing to be done any of the following acts:

A. Introducing or delivering for introduction into interstate commerce from Foreign Trade Zone No. 3 or from other places in the State of California to places outside the State of California the article of drug designated as "PAX" which is a new drug within the meaning of 21 U.S.C. § 321(p), unless and until an approval of an application filed pursuant to 21 U.S.C. § 355(b) is effective with respect to such drug.

That the Defendant, YARON LABORATORIES, INC., a Corporation, shall give written notice of the provisions of this decree to each and all of their officers, agents, servants, employees, representatives and any and all persons now or in the future in active concert or participation with them or either of them who assist or participate in the manufacture and distribution of the article of drug.

That jurisdiction of this Court is retained for the purpose of enforcing or modifying this decree and for the purpose of granting such additional relief as may hereafter appear necessary or appropriate.